CAMDEN COUNTY CIRCUIT COURT.

GUISEPPI CETANI AND MARY CETANI, HIS WIFE, AND DONATO DI MONA AND FRANCES DI MONA, HIS WIFE, PLAINTIFFS, v. VINCENZO DE NINNI, DEFENDANT.

Decided May 1, 1928.

For the plaintiffs, *Louis B. LeDuc.*

For the defendant, *C. Richard Allen.*

DONGES, J. This case was tried without a jury upon stipulated facts as to the record title and physical conditions existing upon the ground. Testimony was taken upon the question of use of the alleyway in dispute by the plaintiffs and by other occupants of the premises now owned by them.

This suit is brought to assert the right to use an alley running northerly into Cherry street from a five feet four-inch alleyway upon which plaintiffs' properties abut.

The admitted facts are that one James K. Dugdale, being the owner of the premises involved in this case and other lands to the west thereof, conveyed properties 312, 314 and 316 Cherry street to William Scofield, who in turn conveyed to Joseph J. Hoey. The properties now known as 306, 308 and 310 Cherry street were conveyed by Dugdale to several grantees, none of whom ever had any interest in the properties here involved. The land which Hoey acquired on May 23d, 1906, extended forty feet on Cherry street by ninety-seven feet four inches in depth, and on this land were built three houses, known as 312, 314 and 316 Cherry street. On the lands originally owned by Dugdale there were two alleys, each two feet six inches in width. The easterly of these alleys was within the limits of Hoey's land, and was known as a box alley, that is, the second floor of house 312 Cherry street extended as a roof over the alley. Immediately adjoining this alley on the west was the other alley of the same width entirely on the land of one Schettinger, which alley was open throughout its entire length. A fence extending from Cherry street for the entire distance of ninety-seven feet four inches separated the two alleys, and each alley was marked by a fence, one fence to the east of Hoey's alley and another fence to the west of Schettinger's alley. These fences extended southerly to the northerly limits of two alleys each five feet four inches in width, the one on the west extended in the rear of No. 310 Cherry street, so that No. 308 Cherry street opened into it, and the easterly alley extended in the rear of 312 and 314 Cherry street to the westerly side of lot 316 Cherry street, which lot opened into it. It is apparent, therefore, that the properties to the east

and west of the division fence between the land conveyed to Hoey and that conveyed to Schettinger had no access to the alley on the other side of said division fence. It is apparent that the owner of each of these pieces of land created for the use of the houses built by him a separate alley in the rear thereof and a connecting alley extending from the rear alley to Cherry street.

On June 4th, 1906, Hoey sold the easterly thirteen feet of his property, known as 316 Cherry street, to Morris Devone, which deed was duly recorded. In the deed to Devone, the property is particularly described. Then follows: "Together with the free and common use of a five-feet wide alley in the southwest corner of said premises." It will be noted that the five feet four-inch alley is located at the southwest corner of 316 Cherry street. This property by various deeds was conveyed to plaintiffs Guiseppi Cetani and Mary Cetani, his wife.

On the same day, Hoey sold the adjoining thirteen feet, being premises known as 314 Cherry street, to the other plaintiffs, Donato Di Mona and Frances Di Mona, his wife, who occupied the property for about ten years and from about 1916 have rented the property. In the deed from Hoey to Di Mona, the following language was used in the description: "(1) Southwardly at right angles to Cherry street and through said partition wall, the distance of ninety-two feet to the northerly line of a five feet four-inch wide alleyway running west and connecting with a passageway running north and opening into Cherry street," and following the description, "together with the use of said alleyway at all times."

Subsequently and on June 27th, 1906, Hoey conveyed premises 312 Cherry street to one Palese, the grantor of defendant. In this deed appears the following: "Together with the free use, right and liberty of said alley in common with others bordering thereon forever.

"Subject, nevertheless, to the rights and privileges of the owners and occupants of the two properties east of the above-described lot, being numbers 314 and 316 Cherry street, to

the use of alley on the westerly side of the property herein conveyed for ingress and egress, which alley connects with a five feet four-inch wide alley in the rear and extends northwardly to the southerly side of Cherry street."

Three questions are presented: *First,* was the defendant's land charged with an easement in favor of premises 314 and 316 Cherry street? *Second,* was such easement located with sufficient definiteness? *Third,* if such easement was created, has it been lost through non-user?

1. I think there is no doubt that the conveyances by Hoey imposed upon the property retained by him, namely, 312 Cherry street, an easement in favor of 314 and 316 Cherry street to use both passageways mentioned in the deeds and which were physically existent at the time of said conveyances.

2. The defendant asserts that the easement was not sufficiently definite. It seems to me that there can be no question that both the language used and the physical conditions clearly fixed the location of the two alleys over which a right of way was granted. The language used in the deed to the defendant expressly reserved the right of the owners and occupants of 314 and 316 to the use of "the alley on the westerly side of the property herein conveyed." It is admitted and it is not subject to dispute that the alley in question was at the westerly side of defendant's property, and was the only alley connecting with the five feet four-inch alley at the rear of defendant's property and to which, by the description in the deed, defendant's property extended.

3. Considerable testimony was taken upon the question of user. On behalf of the plaintiffs, one Michael Di Mona testified that from 1907 to 1915 he used the alley regularly, he then being the owner of premises 316 Cherry street. Morris Devone, who owned the property before Michael Di Mona, testified that he used the alley during the year 1907, and the plaintiff Guiseppi Cetani testified that he had used the alley since 1922. The plaintiff Donato Di Mona testified that he used the alley from June, 1906, to sometime in 1916, and that he used the alley regularly. One Christine Rulli testified that she occupied the house 314 Cherry street from about

1916 to 1918 and that she used the alley two or three times each week during the time that she occupied the property. Mary Cetani testified that the alley from 1916 to date had been used regularly.

The defendant testified and produced some witnesses who testified that they never had seen the alley used by anyone except by the occupant of 312 Cherry street. All of these witnesses, with one exception, were occupants of the property 312 Cherry street.

I am not impressed with the testimony on this point offered by the defendant, and conclude that this alley was used from the time of the Hoey conveyances practically down to the present time by the owners and occupants of the premises 314 and 316 Cherry street. It is not disputed that the plaintiffs and their predecessors used the rear alley and it is not denied that they had a right to use the rear alley. Inasmuch as the rear alley admittedly opened and was part of the passageway in dispute leading into Cherry street, I think that it is very likely that the whole passageway was used as plaintiffs' witnesses testified. Without the passageway in question, the rear alleyway was useless as an alley, because it would lead nowhere. There may have been some temporary obstructions to its use, by the placing of objects therein, as some witnesses testified, but there was no failure on the part of the occupants of 314 and 316 Cherry street to use it during all of this time as a matter of right.

I conclude, therefore, that plaintiffs are entitled to judgment.